25 F.3d 1047
 65 Fair Empl.Prac.Cas. (BNA) 992
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ali BAZZI, Plaintiff-Appellee,
v.
The WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, a/k/a
Western-Southern Life, Defendant-Appellant.
 No. 93-1578.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The district court denied in part defendant's motion for summary judgment in this employment discrimination case. This court granted interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The sole issue is whether the district court erred in denying defendant's motion for summary judgment on plaintiff's Elliott-Larsen claim. We think it did and reverse.
 
 I.
 
 2
 In the summer of 1990, plaintiff, Ali Bazzi, applied for a position as a sales representative at The Western and Southern Life Insurance Company (WSLIC). One of the questions on the employment application instructed the applicant to provide "[w]ork experience for at least two years (including military service) beginning with present." In answer to this question, Bazzi wrote only that he had been employed as a salesman at a mens' clothing store from September 1987 to April 1990. The application also contained a statement, immediately above the signature of the applicant, declaring: "I UNDERSTAND THAT ANY MISSTATEMENTS OR OMISSIONS IN THE ANSWERS GIVEN MAY BE GROUNDS FOR A REJECTION OR DISMISSAL."
 
 
 3
 WSLIC hired Bazzi and assigned him to the company's Dearborn, Michigan, office. Bazzi alleges that beginning in January of 1991, contemporaneous with the outbreak of the Persian Gulf War, his coworkers subjected him to slurs and harassment because of his Lebanese ancestry. Bazzi reported these problems to his superiors, who arranged for a transfer to WSLIC's Livonia, Michigan, office. Bazzi alleges that the harassment continued after his transfer because he was still required to interact with his former coworkers in Dearborn. Bazzi resigned from WSLIC in early August 1991 and filed suit against WSLIC for breach of contract and for discrimination, in violation of Michigan's Elliott-Larsen Civil Rights Act. M.C.L.A. Sec. 37.2101 et seq.
 
 
 4
 During discovery, WSLIC learned for the first time that Bazzi had been employed by the Radisson Hotel prior to submitting an application at WSLIC, and was fired from The Radisson on June 28, 1990 for "falsifying time records by punching in another employee." Bazzi did not report this job on his application to WSLIC. After discovering this information, WSLIC filed a motion for summary judgment in the district court. The district court granted the motion with respect to Bazzi's breach of contract claim, but denied the motion with respect to his Elliott-Larsen claim.
 
 II.
 
 5
 WSLIC has brought an interlocutory appeal challenging the district court's denial of summary judgment on Bazzi's civil rights claim. We review a district court's denial of such a motion for an abuse of discretion. Johnson v. Honeywell Info. Sys., 955 F.2d 409, 413 (6th Cir.1992).
 
 
 6
 The district court held that this court's decision in Johnson, id., did not control the disposition of the present case. We disagree. The bases on which the district court sought to distinguish Johnson--that its rule does not apply to Elliott-Larsen discrimination claims and does not apply when noneconomic and emotional stress damages are sought--are entirely unsound. Johnson explicitly held that after-acquired evidence can bar recovery under Elliott-Larsen, provided the employer establishes that the "omission [from the resume] was material, directly related to measuring a candidate for employment, and was relied upon by the employer in making the hiring decision." Id. at 414-15. In ruling on WSLIC's motion for summary judgment, the district court found that
 
 
 7
 [t]here are no genuine issues over the material facts that Bazzi misrepresented his employment history by omitting reference to his employment with and termination by the Radisson Hotel; that this misrepresentation was material to the hiring process at WSLIC; that this misrepresentation directly related to the evaluation of his candidacy for employment; and, that WSLIC relied on the misrepresentation.
 
 
 8
 Accordingly, the district court erred in refusing to grant summary judgment for WSLIC on Bazzi's Elliott-Larsen claim.
 
 III.
 
 9
 We REVERSE the ruling of the district court and REMAND with instructions to enter an order granting WSLIC's motion for summary judgment.